## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH DAVIS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **FILED** |
| | : | |
| **LOUIS GIORLA,  COMMISSIONER OF** | : | NOV 2 2 2016 **NO. 14-6629** |
| **PHILADELPHIA PRISON SYSTEM** | : | |

**LUCY V. CHIN, Interim Clerk**
By _____ Dep. Clerk

**MITCHELL S. GOLDBERG, J.**                    **NOVEMBER 22, 2016**

### MEMORANDUM

### I.    Factual Background

*Pro Se* plaintiff Kenneth Davis filed this action on November 17, 2014, asserting claims under 42 U.S.C. § 1983, and a motion to proceed *in forma pauperis* ("IFP"). (Doc No. 1). Through an order dated December 19, 2014, the court advised Davis that if IFP status was granted, he would still be obligated to pay the full $350 filing fee in installments, even if the action was dismissed. (Doc No. 2). Davis was instructed to file a notice with the court by or before January 18, 2015 stating that he wished to proceed with this action and obligate himself to pay the filing fee. Copies of this order were returned by the U.S. Postal Service on January 6, 2015 and January 15, 2015 as undeliverable because Davis had been released from the prison system.[1]

On January 15, 2015, Davis filed a notice of change of address. (Doc No. 3). A second order dated February 19, 2015 was sent to Davis' updated address, which again instructed Davis to file a notice stating he wished to proceed with this action and obligate himself to pay the filing fee in installments. (Doc No. 4). He was given until March 31, 2015 to comply with the second order, and was again advised that failure to comply may result in dismissal of this action.

---

[1] The docket reflects that a Copy of the Order and envelope was returned from the U.S. Postal Service ". . . for the following reason: RELEASED."

Having not heard from Davis, the court did a record search by Davis' inmate number (# 728699) on the Philadelphia Prison System inmate locator website, and determined that he was back in custody. Through an order dated September 22, 2016 (Doc No. 6), the court updated Davis' address to reflect that he was housed at the Alternative and Special Detention Center, matching the then-current information from the Philadelphia Department of Prison records. Once again, Davis was instructed to notify the court if he wishes to proceed with this lawsuit or the case would be dismissed, and he was advised that he is responsible for updating the Clerk of Court when there is an address change. Now-current Philadelphia Prison System records indicate Davis may again be released from custody.[2] Davis has not filed an updated change of address or communicated with the court in any manner since January 15, 2015.

For the reasons described below, Davis' action is dismissed pursuant to Federal Rule of Civil Procedure 41(b).

## II.     Legal Framework and Analysis

The court has inherent power to dismiss an action *sua sponte* if a litigant fails to prosecute a case or to comply with a court order. Fed. R. Civ. P. 41(b); *See also Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962). A dismissal without prejudice, allowing Davis to file the same complaint again, would effectively be a dismissal with prejudice because there is a two-year statute of limitations on Section 1983 cases. *See Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000) (citing 42 Pa.C.S. § 5524).[3] Before dismissing an action with prejudice, the court must balance the six factors outlined in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984): "(1) the extent of the party's responsibility; (2) the

___

[2] A search for Davis performed on November 22, 2016, returned no results on the Philadelphia Prison System website or on the Pennsylvania State Department of Corrections inmate locator site, indicating that he is not currently incarcerated in either system. A subsequent search on VineLink.com shows Davis' Custody Status as released to "Unsupervised Custody."

[3] Davis' claims arise from events that date from 2011 through August 8, 2014.

prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense."

*Semulka v. Doe*, 373 Fed. App'x 138 (3d Cir. 2010) confirms that a *Poulis* analysis is necessary. In *Semulka*, the plaintiff failed to file the amended complaint as ordered by the District Court, and his action was dismissed *sua sponte* under FRCP 41(b) based on this failure to comply. The court did so without ever ruling on plaintiff's IFP request. The Third Circuit held that it was error for the District Court to dismiss the complaint *sua sponte* without considering the *Poulis* factors. *Semulka*, 373 Fed. App'x at 140-41. *See also Shelley v. Patrick*, 361 Fed. App'x 299, 301 n. 5 (3d Cir. 2010) (holding that the District Court erred when it denied IFP and dismissed complaint without prejudice for failure to prosecute; "Even if the District Court's denial of IFP had been proper, dismissing [plaintiff's] complaint for failure to prosecute would have been error. . . the District Court is required to make explicit findings regarding the six factors enumerated in *Poulis*. . .").

While the case before me has a different procedural posture, like *Semulka* the plaintiff has failed to comply with a court directive. As noted above, the court ordered Davis multiple times to file a notice confirming his intent to continue the action and to acknowledge that if IFP is granted, he will be obligated to pay the filing fees. Davis has ignored these orders - he has failed to notify the court of his intent to proceed, has failed to provide the court with notice of his current address, and has otherwise failed to indicate an intent to continue with his lawsuit.

After considering the *Poulis* factors, I conclude that they weigh in favor of dismissal. Each is discussed in turn.

### 1. The Extent of the Party's Responsibility

As a *pro se* plaintiff, Davis is solely responsible for the prosecution of his case, and his failure to

comply with court orders cannot be blamed on counsel. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008)("[A] *pro se* plaintiff is personally responsible for the progress of his case"); *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d. Cir. 2002)(*Pro se* plaintiff's failure to comply with court orders could not be blamed on counsel). Davis has been advised of his obligations to comply with court orders on at least two occasions. The first order dated December 19, 2014 may not have reached Davis - as indicated by the U.S. Postal Service returning the mail as undeliverable - but there is no indication that the orders dated February 19, 2015 and September 22, 2016 were not delivered successfully. No mail has been returned as undeliverable and no subsequent change of address has been filed. He was also warned that failure to comply with court orders may result in the action being dismissed. Because the record before me reflects that Davis did receive the orders sent on February 19, 2015 and September 22, 2016, instructing him to file a notice of intent to proceed with the court, the responsibility was on Davis to notify the court by or before the deadline stated in each order. His failure to do so indicates a lack of intent to proceed.

### 2. Prejudice to the Adversary

Davis' failure to comply with court orders had not created prejudice to the defendants because the complaint has not yet been filed of record, and summonses have not issued.

### 3. History of Dilatoriness; and 4. Willful or Bad Faith Conduct

Prior to a grant of IFP status, Davis was twice advised about the implications of IFP obligating him to pay the full filing fee, and he was warned that failure to comply with court orders may result in dismissal. He had sufficient information available to him to make a decision regarding continuing with this action IFP, and was instructed to notify the court in order to proceed. In both instances, Davis failed to respond to the court's order in any manner. Nor has he communicated at all with the court to indicate an intent to continue pursuing this action.

### 5. Effectiveness of Sanctions Other than Dismissal

The alternative to dismissing this action would be for the court to determine IFP and allow the complaint to be filed and summons to issue. But Davis was told he needs to communicate with the court to confirm his intent to proceed *prior to* the court granting IFP status. A grant of IFP would obligate Davis to pay the full filing fee, and by his inaction he has indicated to the court that he does not wish to proceed.

In this case, there is no alternative sanction available. Davis' failure to respond to court orders to confirm he intends to proceed with this action, and orders to maintain a record of his current address with the Clerk of Court prevents the court from effectively communicating with him or moving forward with adjudication.

### 6. Meritoriousness of the Claim

This factor is not applicable. The District court must first "[evaluate] a litigant's financial status and whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a)" before assessing the merits of the complaint. *Semulka v. Doe*, 373 Fed. App'x. 138, 140 (3d Cir. 2010) (quoting *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). The merits of the complaint may not be a factor in assessing IFP status. *See Crawford v. Frimel*, 197 Fed. App'x 144, 145-47 (3d Cir. 2006) (IFP cannot be denied for reasons other than financial ineligibility); *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (District Court's decision whether to grant IFP is based solely on the economic eligibility of the petitioner). Because the court has not yet granted IFP, the complaint has not been filed and the merits of the complaint should not be considered.

### III.   Conclusion

Having considered the six *Poulis* factors, this action is dismissed. An appropriate Order follows.